IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KESHA TERRY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-01736-X (BT) |
| | § | |
| MARTIN HOFFMAN, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kesha Terry brings this *pro se* civil action against Judge Martin Hoffman, a state court judge, for monetary damages. *See* Compl. 2 (ECF No. 3). The Court granted Terry leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. Ord. (ECF No. 5). For the reasons stated, the Court should dismiss Terry's amended complaint under 28 U.S.C. § 1915(e)(2)(B).

**Background**

Terry filed this lawsuit—her ninth *pro se* civil action in the past ten years—against Judge Hoffman, the presiding judge in the 68th Civil District Court in Dallas, Texas. Terry alleges that she is filing a "Civil Suit on Race Discrimination" against a "White Judge" who discriminated against her "based on the color of [her] skin." Am. Compl. 1 (ECF No. 8). She claims that she is a "Black American woman" who had a right to be in state court to bring her civil suit. *Id.* However, Terry alleges that she "was not treated right. [She] was mistreated." *Id.* Terry further alleges that "[t]he Judge who is white refused to make the white defendant pay whats [sic] in

[her] original petition." *Id.* 2. Additionally, she claims that the Judge allowed the "white defendant" to come back eight months later and "win." *Id.* Terry contends that the "White Judge" refuse[d] to go by the law." *Id.* Terry further contends that at her hearing, she "put in to speak," but the Judge told her to "be quiet, and let the whites speak." *Id.* Terry claims that the Judge violated her right to speak, and regardless of the color of her skin, she had a right to speak at her court hearing. *Id.* 3. Terry alleges that she was also "treated wrong" at another court hearing. *Id.* She got up to speak at the hearing, and the police walked toward her and made her "feel uncomfortable and scared." *Id.* She further alleges that when the "whites" or "Mexicans" got up at the hearing, the police officer did not walk toward them. *Id.* Terry's complaint and amended complaint are somewhat difficult to discern, but it appears that based on this alleged conduct, she seeks ten million dollars in damages. Compl. 2 (ECF No. 3).

## Legal Standards and Analysis

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). It is well-established that judges are generally protected by absolute immunity for judicial actions they take within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir.

2009); *Sparks v. Duval Cty. Ranch Co., Inc.*, 588 F.2d 124, 125 (5th Cir. 1979) (per curiam). In fact, "[j]udicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing *Mireles*, 502 U.S. at 11). Moreover, "[t]he fact that it is alleged that the judge acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity." *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991).

Here, the only named defendant, Judge Martin Hoffman, is the presiding judge in the 68th Civil District Court in Dallas, Texas. And the conduct Terry complains about occurred while Judge Hoffman was acting as the judge presiding over her case in state court. Judge Hoffman is absolutely immune from civil liability for actions taken within the scope of his jurisdiction. Terry's claims must therefore be dismissed.

Last, the Court will address Terry's ongoing filing of frivolous *pro se* civil cases in this Court. As noted, this case is Terry's ninth *pro se* civil action in this Court in the past ten years. When frivolous filings are received and addressed by a court, it impinges on the court's limited resources, and a court has a responsibility to ensure its resources are allocated in a manner to promote the interests of justice. *See Martin v. Dist. of Columbia Court of Appeals*, 506 U.S. 1, 3 (1992) (per curiam) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that

promotes the interests of justice.") (quoting *In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam)); *see also Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (review of a trial court's sanctions against vexatious or harassing litigants is addressed under the lenient standard of abuse of discretion standard) (citing *Gelabert v. Lynaugh*, 894 F.2d 746, 747 (5th Cir. 1990) (per curiam)); *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (*Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.").

On December 16, 2014, in *Terry v. Oncor Delivery, et al.*, Case Number 3:14-cv-3496-P-BK, U.S. District Judge Jorge A. Solis warned Terry that the Court may impose sanctions, including monetary sanctions payable to the Court, and filing restrictions, for filing a frivolous lawsuit or otherwise abusing the litigation process. Despite this clear warning in 2014, Terry filed five *pro se* lawsuits after that. Therefore, it is recommended that the Court impose sanctions in the amount of $150.00 and require pre-filing authorization before this Court accepts another *pro* se civil lawsuit from Terry.

## Conclusion

The Court should DISMISS Terry's complaint under 28 U.S.C. § 1915(e)(2)(B). The Court should also impose sanctions in the amount of $150.00 and require pre-filing authorization before this Court accepts another *pro se* civil lawsuit from Terry.

**SO RECOMMENDED**.

August 26, 2021.

                                                                      REBECCA RUTHERFORD
                                                                      UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).